OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Dingus, Appellant, v. Quinn Development
Company; Industrial Commission of Ohio, Appellee.
[Cite as State ex rel. Dingus v. Quinn Dev. Co. (1994),
Ohio St. 3d     .]
Workers' compensation -- Industrial Commission's decision not
     reversed by court when supported by "some evidence."
     (No. 93-1893 -- Submitted August 17, 1994 -- Decided
October 19, 1994.)
     Appeal from the Court of Appeals for Franklin County, No.
92AP-605.
     Appellant-claimant, Herman J. Dingus, was injured in 1979
in the course of and arising from his employment with Quinn
Development Company and workers' compensation benefits were
allowed.  On May 23, 1984, claimant applied for permanent total
disability compensation.  Accompanying his application was the
April 20, 1984 report of Dr. Darrell J. Smith, who opined that
claimant's impairment was permanent and that he could not
resume his former duties.
     The appellee, Industrial Commission of Ohio, denied
permanent total disability compensation in a boilerplate order
that the Court of Appeals for Franklin County eventually
vacated and returned for an amended order.  During the pendency
of the amended order, the commission obtained the May 14, 1990
report of Dr. Steven D. Ward, who found claimant to be
permanently and totally disabled and incapable of any sustained
remunerative employment based on the allowed medical
impairment.  The commission this time awarded permanent total
disability compensation "from 5/14/90 to continue," stating:
     "* * * This order is based particularly upon the reports
of Doctor(s) Smith and Ward.
     "Claimant is 50 years old, has a [sic] 11th grade
education and worked as a welder and mechanic when a
transformer blew up causing injuries to claimant's head, eyes
and ears.  Commission specialist Dr. Ward finds claimant is
unable to return to any sustained remunerative employment
because of the allowed condition of reactive depression and
hysterical neurosis, conversion type.  Based upon Dr. Ward's
report of 5/14/90, claimant is found to be permanently and

totally disabled."

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, contesting the starting date for the award of permanent total disability compensation. Finding the commencement date supported by "some evidence," the appellate court denied the writ.

This cause is now before this court upon an appeal as of right.

Michael J. Muldoon, for appellant.

Lee Fisher, Attorney General, and Melanie Cornelius, Assistant Attorney General, for appellee.

Per Curiam. Claimant asserts that permanent total disability compensation should begin as of May 23, 1984 -- the date of his application. Because the commission's decision is supported by "some evidence," claimant's argument fails.

The May 14, 1990 starting date coincides with the date of Dr. Ward's report, on which the commission relied to award permanent total disability compensation. Ward's report provides "some evidence" supporting the commission's decision. That other evidence could have supported a different date is immaterial, since that evidence -- namely the February 12, 1990 report of Dr. Emmanuel D. Noche -- was not evidence on which the commission relied. While the commission order also cited Dr. Smith's April 20, 1984 report, it did not abuse its discretion in not awarding compensation as of that date since, unlike Dr. Ward, Dr. Smith limited his opinion to the preclusion of claimant's return to his former position of employment.

The appellate court's judgment is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright and Pfeifer, JJ., concur.

Resnick and F.E. Sweeney, JJ., dissent and would reverse the judgment of the court of appeals.